**FIRST DIVISION**
**BARNES, P. J.,**
**MARKLE and HODGES, JJ.**

**NOTICE: Motions for reconsideration must be *physically received* in our clerk's office within ten days of the date of decision to be deemed timely filed.**
**https://www.gaappeals.us/rules**

**April 24, 2026**

# In the Court of Appeals of Georgia

A26A0652. COX STORE MANAGEMENT, INC. v. CITY OF TUCKER.

BARNES, Presiding Judge.

We granted this discretionary appeal to consider whether the trial court erred when it concluded that the coin-operated amusement machines ("COAMs") owned by appellant Cox Store Management, Inc., d/b/a Idlewood Food Mart ("Cox"), violated a City of Tucker ordinance barring such machines within 100 yards of a church. On appeal, Cox argues that the trial court erred when it affirmed the City's denial of a license because Cox's long-permitted sale of beer and wine at the convenience store at issue means that its offering of COAMs there is not in violation of the law. We find no error and affirm.

The relevant facts are not in dispute, and we review the trial court's interpretation of the relevant statutes "de novo, as statutory interpretation is a question of law." *Cardinale v. Keane*, 362 Ga. App. 644, 646 (1) (869 SE2d 613) (2022) (quotation marks omitted). This appeal concerns the interpretation and application of OCGA § 50-27-86, which authorizes "the governing authority of any county or municipal corporation" to enact an ordinance related to the regulation of COAMs. Among other things, such an ordinance may provide "for restrictions relating to distance from specified structures or uses *so long as those distance requirements are no more restrictive than such requirements applicable to the sale of alcoholic beverages*[.]" OCGA § 50-27-86 (8) (emphasis supplied). The Code defines "alcoholic beverage" as including "all alcohol, distilled spirits, beer, malt beverage, wine, or fortified wine." OCGA § 3-1-2 (2). With respect to the sale of alcoholic beverages, OCGA § 3-3-21 provides:

> (a)(1) No person knowingly and intentionally may sell or offer to sell: (A) Any distilled spirits in or *within 100 yards of any church building* or within 200 yards of any school building, educational building, school grounds, or college campus; (B) Any wine or malt beverages within 100 yards of any school building, school grounds, or college campus. . . . ; or (C) Any distilled spirits, wine, or malt beverages within 100 yards of an alcoholic

2

treatment center owned and operated by this state or any county or municipal government therein. . . .

(Emphasis supplied). The statute further provides that "[n]o person knowingly and intentionally may sell any alcoholic beverages for consumption on the premises within 100 yards of any housing authority property." OCGA § 3-3-21 (e) (2).

Relying on the authority granted it by OCGA § 50-27-86 (8), the City enacted a COAM ordinance in 2022. That ordinance requires that any business offering COAMs for play must obtain a COAM license from the City. Code of Ordinances § 10-604. The ordinance further provides, in relevant part, that any business offering COAMs for play "shall comply with the proximity provision for businesses licensed to sell alcohol set out in OCGA § 3-3-21" and "section 4-136[1] of the code of ordinances of the [C]ity." Code of Ordinances § 10-607 (a), (b).

In March 2024, the City sent a letter to all business owners who had registered for one or more COAMs with the Georgia Lottery Corporation, informing the businesses of the requirement that they be licensed by the City and asking them to apply for such a license. Cox, which has operated Idlewood for many years as a

---

[1] Section 4-136 of the City's ordinances relates to alcohol sales and mirrors the language found in OCGA § 3-3-21.

convenience store in the City, received such a letter. Consequently, in May 2024, Cox submitted an application for a City COAM license. The application reflects that the store has held a liquor license from the City that permits it to sell beer and wine. Cox offers at least six COAMs for play in its Idlewood store. In October 2024, the City denied Cox's application, citing the fact that the store is located 80.2 yards from Kingdom Investment Ministry, which operates as a church and/or place of worship. The City concluded that the store's location did not comply with the minimum distance requirements set forth in the 2022 COAM ordinance (i.e., the distance requirements set forth in OCGA § 3-3-21 and City Ordinance section 4-136).

Cox filed a petition for review in the superior court, arguing that its status as an establishment that holds a license to sell beer and wine, standing alone, demonstrates that it meets the distance requirements set forth in both OCGA § 3-3-21 and the City's alcohol ordinance. The store asserted that by interpreting the COAM ordinance as meaning that a COAM license could not be issued to any establishment within 100 yards of a church (because some types of alcoholic beverages are restricted from doing so), the City had violated the law. Cox claimed that the City's interpretation of its ordinance resulted in that ordinance being more restrictive than

4

the distance requirements applicable to the types of alcohol it sells under both OCGA § 3-3-1 and City Ordinance section 4-136. See OCGA § 50-27-86 (8).

The superior court rejected Cox's position, concluding that the City properly interpreted its ordinance to mean

> that [COAMs], as a whole, may not be located within the specified distances of *any* of the locations restricted in [City Ordinance] Section 4-136, regardless of whether alcoholic beverages of any kind are sold on the premises. In other words, because OCGA § 3-3-21 (a) (1) (A) and [City Ordinance] Section 4-136 (a) (2) allow alcohol restriction based on proximity to a church, then [the City is] similarly allowed to restrict [COAMs] based on the same proximity to a church.

(Emphasis supplied.) Cox applied for discretionary review of this order, and we granted the application.

On appeal, Cox again argues that the City's (and thus the superior court's) interpretation of the COAM ordinance violates OCGA § 50-27-86 (8). The City and the superior court, however, correctly interpreted the statute.

> In considering the meaning of a statute, our charge as an appellate court is to presume that the General Assembly meant what it said and said what it meant. Toward that end, we must afford the statutory text its plain and ordinary meaning, consider the text contextually, [and] read

5

> the text in its most natural and reasonable way, as an ordinary speaker of the English language would[.]

*Kemp v. Kemp*, 337 Ga. App. 627, 632-33 (788 SE2d 517) (2016) (citation modified). The plain language of the statute at issue allows a city to restrict the location of COAMs relative to the location's "distance from specified uses or structures so long as those distance requirements are no more restrictive than such requirements applicable to the sale of *alcoholic beverages*[.]" OCGA § 50-27-86 (8) (emphasis supplied).

Whether a COAM location offers or has offered a specific kind of alcohol is thus irrelevant, and Cox's effort to escape the restriction by means of its long-permitted sale of beer and wine must fail. The relevant portion of OCGA § 50-27-86 makes no distinction between types of alcoholic beverages, a broad scope that we must construe as deliberate. "[W]e will not engraft onto [a] statute a heretofore unstated limitation." *Edwards v. Roundtree*, 365 Ga. App. 812, 818 (2) (880 SE2d 298) (2022) (citation modified); see also *Tolson v. Sistrunk*, 332 Ga. App. 324, 329 (1) (772 SE2d 416) (2015) ("courts may not constrict a subsection of [a] statute by engrafting upon it limitations the legislature has not enacted").

This statute plainly says that where a city enacts a distance requirement for COAMs from properties used for specific purposes (such as a church), the required distance from such properties may not be "more restrictive" than the distance requirement imposed on these same kinds of properties by OCGA § 50-27-86. The statute places restrictions on the sale of alcohol within 100 yards of a church, and thus authorizes a city to require that a COAM location be situated 100 yards or more from a church. Because we "decline to impose the limitation on [OCGA § 50-27-86] proposed by" Cox as something only the General Assembly can do, *Edwards*, 365 Ga. App. at 818 (2), we affirm the trial court's and the City's denial of Cox's application for a license to operate COAMs at this location.

*Judgment affirmed. Markle and Hodges, JJ., concur.*